IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KIM PARKER, )
)
    Plaintiff, )
) No. 11-cv-05682
v. )
) Judge Andrea R. Wood
EMC MORTGAGE CORPORATION and )
JPMORGAN CHASE BANK, N.A. )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions by Plaintiff Kim Parker: Plaintiff's Motion for Leave to File Amended and Supplemental Pleading ("Motion to Amend") (Dkt. No. 149) and Plaintiff's Motion Pursuant to Fed. R. Civ. Pro. 56(d) ("Rule 56(d) Motion") (Dkt. No. 144). For the reasons set forth below, the Motion to Amend is granted and the Rule 56(d) Motion is granted in part and denied in part.

## BACKGROUND

Parker originally filed this action in the Circuit Court of Cook County in August 2009. In August 2011, she filed an amended complaint styled as a class action ("Amended Complaint").[1] The Amended Complaint named as defendants EMC Mortgage Corporation ("EMC"), which serviced Parker's home mortgage loans, and EMC's parent company, JPMorgan Chase Bank, N.A. ("JPMC," and together with EMC, "Defendants") (Am. Compl. ¶¶ 12-13, Dkt. No. 13.) In her Amended Complaint, Parker alleges that on September 29, 2008, she entered into a Repayment Agreement ("Agreement"), in which EMC agreed to refrain from pursuing its

---

[1] Plaintiff re-filed her Amended Complaint with this Court on August 26, 2011, in order to include certain exhibits that had been filed along with her complaint in the state court action but were not filed as part of Defendants' removal papers. The re-filed complaint contains identical allegations to those included in the Amended Complaint filed by Defendants as part of their notice of removal.

remedies for Parker's default on her home mortgage loans and, in return, Parker agreed to pay her arrearage by making an initial down payment and six subsequent monthly payments. (*Id.* ¶¶ 68, 70.) Parker further alleges that even though she satisfied her obligations under the Agreement by making timely payments, Defendants did not consider her for a permanent modification and thus breached the Agreement. (*Id.* ¶ 72.) Parker also claims that Defendants engaged in other misconduct in connection with her loan file, including violating the requirements of the federal Home Affordable Modification Program ("HAMP"), which "provides eligible homeowners the opportunity to modify their mortgages to make them more affordable." (*Id.* at ¶ 27.) Based on these allegations, the Amended Complaint alleges a number of causes of action on behalf of the putative class, including a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("ICFA"); two claims based on breach of contract/breach of the duty of good faith and fair dealing, one of which was based on a third-party beneficiary theory; a claim for promissory estoppel; and a claim for unjust enrichment.

Defendants removed the case to this Court on August 19, 2011 pursuant to 28 U.S.C. § 1332(d) and the Class Action Fairness Act of 2005. Subsequently, Defendants moved to dismiss the Amended Complaint. After the parties completed briefing, the Court entered an order granting Defendants' motion in part and denying it in part. (Dkt. No. 39.) In the ruling, the Court found that the Agreement made no reference to a permanent loan modification, and thus dismissed Parker's claims for breach of contract and breach of the duty of good faith and fair dealing. (*Id.* at 1.) The Court also dismissed Parker's claims based on the third-party beneficiary theory. (*Id.* at 1-2.) With respect to the other causes of action, the Court held:

> To the extent that Plaintiff's claims for promissory estoppel and unjust enrichment are based upon the Agreement, those claims are dismissed. *See Sharrow Grp. v. Zausa Dev. Com.*, No. 04 C 6379, 2004 WL 2806193, at *3 (N.D. Ill. Dec.6, 2004) ("Under Illinois law, promissory estoppel and unjust enrichment are unavailable where the parties have

> entered into an express contract."). However, to the extent that Plaintiff's claims rely on alleged oral representations regarding a permanent loan modification, made after the Agreement ended, the Court finds Plaintiff's allegations sufficient to satisfy *Twombly* and its progeny. Likewise, Plaintiff's allegations are sufficient to state a claim under the ICFA. *See Wigod* [*v. Wells Fargo Bank, N.A.*], 673 F.3d [547,] 575 [7th Cir. 2012] ("It is enough to allege that the defendant committed a deceptive or unfair act and intended that the plaintiff rely on that act.").

(*Id.* at 2.) The Court later denied class certification, and the case continued as a single-plaintiff action.

After the parties had completed fact discovery,[2] Defendants filed a Motion for Summary Judgment citing several admissions by Parker at her deposition that Defendants claim establish that she never received any oral representation that she would get a permanent loan modification. For example, Parker testified as follows:

> Q. At any time after April 6, 2009 when you had these conversations with Chase, did anyone at Chase promise you that you would receive a permanent modification of your loan?
>
> A. Promise me. They told me that they would consider me for any government programs that I qualified for under the program guidelines.
>
> Q. So you were never promised a permanent modification?
>
> A. I don't know how I could be promised a permanent modification and my loan application was never processed.

(Pl.'s Dep. Tr. at 63:1-1, Defs.' Local Rule 56.1 Stmt. Ex. 1, Dkt. No. 132.) She also testified:

---

[2] Although the docket does not indicate that a formal discovery cutoff was ever set by order, it is apparent from the record that the parties understood discovery to be closed at the time Defendants filed their Motion for Summary Judgment on January 6, 2014. The parties' submission of their proposed Final Pretrial Order and jury instructions on October 4, 2013 effectively closed discovery. (*See* Dkt. Nos. 146, 147.) Prior to these submissions, the district judge who was then assigned to this case had referred the matter to the magistrate judge to "[c]onduct necessary proceedings and enter Order/Report and Recommendations on all nondispositive pretrial motions through filing of pretrial materials including pretrial order." (Dkt. No. 85.) The magistrate judge subsequently noted that the case had been referred to him for "all pretrial issues, including . . . all discovery motions" (Dkt. No. 87), and later, after resolving certain outstanding discovery disputes, ordered the parties to submit their pretrial order on October 4 pursuant to the district judge's previous order (Dkt. No. 116). Thus, the totality of the docket indicates that discovery was closed, at the latest, as of October 4, 2013. This was confirmed by Plaintiff herself in a joint reassignment status report filed on December 4, 2013, in which the parties jointly represented to the Court that "[d]iscovery is complete." (Dkt. No. 128.)

> Q. And in no conversation that you had with anyone at Chase or EMC, did someone tell you, yes, you will get a permanent loan modification?
>
> A. Nobody ever told me that I would get a permanent loan modification under the guidelines. They told me to send in my loan documentation to be evaluated through underwriting for a permanent loan modification, and I did that several times, but it was never ever processed.

(*Id.* at 68:12-21.) Based on these admissions, Defendants argue in their Motion for Summary Judgment that crucial elements of proof regarding Parker's three remaining claims are absent, and therefore they are entitled to summary judgment in their favor.

In lieu of responding to Defendants' Motion for Summary Judgment, Parker filed her Rule 56(d) Motion, along with the required affidavit representing that she could not respond to the motion absent additional discovery. Parker filed the Motion to Amend one week after filing her Rule 56(d) Motion.

## DISCUSSION

### I. Motion to Amend

Parker seeks to file a second amended complaint in order to plead nine new paragraphs (Pl.'s Mot. for Leave to Amend, Appx. A at ¶¶ 90, 104-111, Dkt. No. 149), and another six subparagraphs (*id.* at ¶¶ 152(16)-(21)). According to Parker, the proposed amendments would "(1) supplement her complaint to add allegations concerning events that occurred after she file[d] her amended complaint and (2) amend her complaint to add factual allegations and a corresponding basis for liability under" ICFA. (Pl.'s Mot. for Leave to Amend at 1, Dkt. No. 149.)

Federal Rule of Civil Procedure 15(a) provides that after a party has amended its pleading once by right, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R.

Civ. P. 15(a)(2). However, courts may deny leave to amend if there is an apparent reason for doing so, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of amendment." *Liu v. T & H Mach.*, 191 F.3d 790, 794 (7th Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In this case, Defendants oppose Parker's proposed amendment on the basis that it is untimely. They emphasize that this case was first filed in state court in 2009 and that it has been pending in this Court since 2011. Defendants also highlight the fact that many of the factual allegations Parker seeks to add to her complaint have been known to her for several years. Accordingly, Defendants argue, Parker has unduly delayed amending her complaint and her proposed amendment should not be allowed.

The Court agrees that amendment of a complaint almost three years into a case is not (and should not be) the norm. However, "delay is an insufficient basis for denying a motion to amend unless this delay results in undue prejudice to the opposing party." *Tragarz v. Keene Corp.*, 980 F.2d 411, 432 (7th Cir. 1992) (citing *Textor v. Bd. of Regents*, 711 F.2d 1387, 1391 (7th Cir. 1983))*; see also Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004) ("[D]elay by itself is normally an insufficient reason to deny a motion for leave to amend.") (citing *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir.1992)).[3]

---

[3] On a similar note, Defendants argue that "requests for amendment that are saved until the summary judgment stage are routinely denied." (Mem. in Opp. to Pl.'s Mot. to Amend at 4, Dkt. No. 153.) However, all of the cases cited by Defendants in support of this argument involve circumstances where the plaintiffs attempted to introduce entirely new legal theories by amendments that would prejudice the defendants. *See Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011) (newly asserted state law claim for misappropriation would prejudice defendants); *Allen v. LTV Steel Co.*, 68 Fed. Appx. 718, 723 (7th Cir. 2003) (defendants would be prejudiced by amendment that would add newly asserted spoliation cause of action); *Feldman v. Am. Mem'l. Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir. 1999) (amendment sought to add an additional defendant and an additional ERISA claim); *Cleveland v. Porca*, 38 F.3d 289, 297 (7th Cir. 1994) (plaintiff sought to add an entirely new claim based on ERISA); *Sanders v. Venture*

Defendants also contend that they would be unduly prejudiced by Parker's proposed amendment. Undue prejudice to the opposing party "is the most important factor in determining whether to allow an amendment to a complaint." *Ameritech Mobile Commc'ns, Inc. v. Computer Sys. Solutions, Inc. (In re Ameritech Corp.)*, 188 F.R.D. 280, 283 (N.D. Ill. 1999) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31 (1971)). Undue prejudice exists where the amendment "brings entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint and where the amendment would require expensive and time-consuming additional discovery." *Lanigan v. LaSalle Bank*, 108 F.R.D. 660, 662 (N.D. Ill. 1985) (citations omitted). Absent such circumstances, "a defendant must make a specific showing of prejudice" to defeat a motion to amend. *Dugan v. Selco Indus., Inc.*, No. 96 C 8404, 1997 WL 701336, at *3 n.2 (N.D. Ill. Nov. 6, 1997) (citing *Xerox Fin. Svcs. Life Ins. Co. v. Salomon Bros.*, No. 92 C 1767, 1993 WL 78721, at *1 (N.D. Ill. Mar. 18, 1993)). The non-moving party bears the burden of showing undue prejudice as a result of a proposed amendment. *Id.*

Here, Defendants argue that the proposed amendment would cause undue prejudice because it would "do nothing less than change [Parker's] entire theory of liability, and theory of damages." (Mem. in Opp. to Pl.'s Mot. to Amend at 6, Dkt. No. 153.) The Court disagrees. All of the new allegations revolve around the claim that Defendants violated HAMP, which, according to Parker, amounts to a violation of the ICFA. Parker has consistently advanced this theory of liability since she first filed the Amended Complaint in state court in 2011. She also alleged numerous facts consistent with this theory of liability in the Amended Complaint. (*See,*

---

*Stores, Inc.*, 56 F.3d 771, 773-775 (7th Cir. 1995) (motion sought to assert new state law breach of contract count that would have delayed litigation and prejudiced defendant). As explained below, Plaintiff's proposed amendments do not implicate such concerns.

*e.g.*, Am. Compl. at ¶¶ 43, 45, 46, 48, 49, 50, 62(iii)-(vi), 80-91, 93-100, 104, 105, 115, 126, 139-40, 142, 143, 146, Dkt. No. 13.) The proposed amendment provides additional factual details regarding this cause of action and alleges facts that occurred after the filing of the Amended Complaint. Because these new allegations would merely provide additional support for a legal theory of which Defendants have been on notice for almost three years, the Court finds that Defendants would suffer no prejudice from these amendment. *See Xerox*, 1993 WL 78721, at *2 (amendment to complaint does not cause prejudice to defendant where it "merely puts a slightly different spin on legal theory and conduct" already alleged in complaint, and where defendant was "on fair notice" of the legal theory).

Finally, Defendants argue that the Motion to Amend should be denied because Parker's proposed amendment would be futile. The Court disagrees. There is abundant authority recognizing that "a plaintiff may predicate an ICFA unfairness claim on violations of other statutes or regulations, like HAMP . . . , that themselves do not allow for private enforcement." *Boyd v. U.S. Bank*, 787 F. Supp. 2d 747, 752 (N.D. Ill. 2011); *see also Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 574-76 (7th Cir. 2012); *McGann v. PNC Bank, Nat. Ass'n*, No. 11 C 06894, 2013 WL 1337204, at *8-10 (N.D. Ill. Mar. 29, 2013).[4]

Accordingly, the Court grants Parker leave to file her proposed Second Amended and Supplemental Complaint attached as Appendix A to her Motion to Amend.

---

[4] The parties spill a great deal of ink contesting the exact scope of the Court's prior ruling on the Defendants' Motion to Dismiss. The Court does not consider this issue to be germane to the determination of the issues resolved by this Memorandum Opinion and Order, however. At this time, it is sufficient to say that there is ample authority supporting the premise that an ICFA claim may be predicated on alleged violations of HAMP. That said, the parties are welcome to address this issue more fully in their summary judgment briefing.

**II.     Rule 56(d) Motion**

Federal Rule of Civil Procedure 56(d) gives the Court discretion "to refuse to grant a motion for summary judgment or to continue its ruling on such a motion pending further discovery if the nonmovant submits an affidavit demonstrating why it cannot yet present facts sufficient to justify its opposition to the motion." *Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir. 2000). "A party seeking the protection of Rule 56(f) [now Rule 56(d)] must make a good faith showing that it cannot respond to the movant's [evidence]" and "must clearly set out the justification for [any] continuance." *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 n. 5 (7th Cir. 2000) (quotations and citations omitted). The necessary justification is lacking "[w]hen a party fails to secure discoverable evidence due to [her] own lack of diligence." *Id.* (quotations and citations omitted)*; see also Grayson v. O'Neill*, 308 F.3d 808, 816 (7th Cir. 2002) ("Where a party's own lack of diligence is to blame for that party's failure to secure discoverable information, it is not an abuse of discretion to deny a [Rule 56(d)] motion.").

Parker has met the requirements for some, but not all, of the relief she seeks under Rule 56(d). In support of her Rule 56(d) Motion, she has submitted a declaration from one of her attorneys that articulates a good faith basis for being unable to present facts to justify her opposition to summary judgment. (*See* Decl. of Jeanne M. Charles, Rule 56(d) Motion Ex. A, Dkt. No. 144.) In the declaration, Parker's attorney asserts that Defendants produced 69,353 pages of documents, bates-labeled JPMC 0000598-0069951, electronically in a format that requires the user to enter a password in order to access each and every one of the 69,553 pages. This information, which appears to be the bulk of the discovery produced by Defendants, is not reasonably usable within the meaning of Rule 34(a)(1)(A). Moreover, the attorney represents that Parker cannot present facts essential to justify her opposition to Defendants' Motion for

Summary Judgment absent these documents, which will help to "demonstrate [D]efendants' unfair acts" that form the basis for Parker's ICFA claim. (*Id.* at ¶ 8.) Accordingly, the Court orders Defendants to re-produce these documents in a reasonably usable electronic format within 30 days of the entry of this Order.

However, the Court denies the remainder of the additional discovery requested by Parker because she failed to act with sufficient diligence to warrant such relief. All of the documents requested by Parker in her Rule 56(d) Motion were originally requested by her First Set of Requests for Production of Documents ("First RFP"), which was served on Defendants on November 2, 2012. Defendants served their Responses and Objections to these document requests on December 6, 2012. On June 17, 2013, Parker moved to compel the production of certain documents. But she failed to move to compel production of any of the documents that she now claims to have been withheld. Instead, she moved only to compel answers to her Second Set of Interrogatories, as well as production of class discovery materials and certain communications between Defendants and U.S. Bancorp regarding loan modification practices. (*Id.* at 1.) Thus, for approximately 15 months between the date Defendants objected to the First RFP and the date Parker filed her Rule 56(d) Motion, she failed formally to assert her right to obtain the documents she now describes as vital to her litigation strategy.

In light of these circumstances, the Court finds that it was Parker's own lack of diligence that led to her failure to secure this discoverable evidence. *See Staten v. Nissan N. Am., Inc.*, 134 Fed. Appx. 963, 964-65 (7th Cir. 2005) (affirming district court's denial of 56(d) motion where party failed to conduct relevant discovery over 18 months of litigation); *Grayson*, 308 F.3d at 816; *Kalis*, 231 F.3d at 1058 n. 5. On a similar note, Parker's request to depose several of Defendants' employees is also denied. It appears that Parker failed to notice even a single

9

deposition while discovery was ongoing. The Court will not excuse this lack of diligence by allowing additional discovery at this late stage of the litigation.

Defendants, by way of compromise, have volunteered to stipulate to the authenticity of their own documents in lieu of tendering a 30(b)(6) witness that would testify as to document authenticity. (Mem. in Opp. to Pl.'s Rule 56(d) Mot. at 5-6, Dkt. No. 148.) The Court will hold Defendants to this offer, and thus orders Defendants to tender a stipulation to Parker regarding the authenticity of the documents they have produced over the course of this litigation within 30 days of the entry of this Order.

## CONCLUSION

For the foregoing reasons, the Motion to Amend is granted. Parker's Rule 56(d) Motion is granted in part and denied in part. Defendants shall produce documents Bates-labeled JPMC0000598-0069951 in a format that is reasonably usable, consistent with Rule 34(a)(1)(A), within 30 days of the entry of this Order. Defendants also shall tender to Parker a stipulation regarding the authenticity of the documents they have produced over the course of this litigation within 30 days of the entry of this Order. In light of the anticipated filing of the Second Amended and Supplemental Complaint and the additional discovery permitted by this ruling, Defendants' Motion for Summary Judgment is denied without prejudice. Defendants may file a renewed motion for summary judgment upon completion of the additional discovery.

ENTERED:

Dated: December 18, 2014

Andrea R. Wood
United States District Judge